Argued April 5, reversed May 22, rehearing denied June 12, 1928.

## JOHN E. ESTES *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(267 Pac. 518.)

**Master and Servant—Employee, Injured While Decorating Building With Flags and Bunting, Held not Engaged in "Hazardous Occupation," as Defined by Workmen's Compensation Act (Or. L., §§ 6617, 6619, 6624).**

Employee, engaged in decorating front of building with flags and bunting preparatory for celebration, *held* not engaged in hazardous occupation, as defined by Workmen's Compensation Act (Or. L., § 6617), since he was not engaged in construction, repair or alteration of building under Section 6619, hence not entitled to compensation under Section 6624.

---

Workmen's Compensation Acts, C. J., p. 41, n. 9, p. 42, n. 11.

From Multnomah: W. A. EKWALL, Judge.

Department 2.

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney-General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief over the names of *Mr. Gunther F. Krause* and *Messrs. Wood, Montague & Matthiessen,* with an oral argument by *Mr. Krause.*

BELT, J.—The State Industrial Accident Commission appeals from the judgment of the Circuit Court reversing its order rejecting the claim of plaintiff for compensation.

---

Occupations or employments within purview of Workmen's Compensation Acts, see notes in Ann. Cas. 1917D, 4, 33, 38, 39, 42; L. R. A. 1916A, 192, 216; L. R. A. 1917D, 151. See, also, 28 R. C. L. 719.

At time of injury plaintiff was engaged in decorating with flags and bunting the front of a building, preparatory for celebration of the annual "Round Up" in the City of Pendleton, Oregon. He was employed to do this particular work by the owner of the building. While carrying on the work plaintiff fell from a ladder and was injured.

The question presented is whether plaintiff at time of injury was engaged in a hazardous occupation as defined by the Workmen's Compensation Act. Respondent contends that his occupation comes within the terms "construction work" and "engineering work" as defined by the act.

Hazardous occupations are enumerated in Section 6617, Or. L. Subdivision (f) of the act specifies: "Buildings being constructed, repaired, moved or demolished." Section 6619, Or. L., defines "engineering work" as "any work of construction, improvement, or alteration or repair of buildings." Section 6624, Or. L., provides rates for hazardous occupations as enumerated in Section 6617. Under the heading of "Construction Work" is listed "Advertising Signs."

This court has always given the Workmen's Compensation Act a broad and liberal construction, but to sustain the claim of plaintiff would require an interpretation beyond the plain intent and purpose of the act. Considering the words of the statute in their ordinary acceptation and meaning, we think plaintiff at time of his injury was not engaged in the construction, improvement or alteration of a building. The building itself was not changed by reason of draping it with flags and bunting.

Respondent relies on the case of *Chicago Cleaning Co.* v. *Industrial Board of Illinois*, 283 Ill. 177 (118 N. E. 989), where the claimant was injured while

washing windows on the outside of a large building. That case would be highly persuasive if it were based on a similar statute. The Illinois Act, however, is broader than ours in that the "maintenance" of buildings is enumerated as a hazardous occupation.

The judgment of the lower court is reversed.

REVERSED. REHEARING DENIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.